**Dated: August 22, 2008**

**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

In Re:

Wendell L. Williams  
Betty J. Williams,

Case No. 08-80292  
Chapter 13

    Debtors.

### O R D E R

On the 17th day of July, 2008, there came on for evidentiary hearing the Trustee's Motion to Dismiss (Docket Entry No. 30) and Debtors' Objection to the Motion to Dismiss (Docket Entry No. 36). Appearances were entered by Richard Walden, attorney for Chapter 13 Trustee, William M. Bonney, Chapter 13 Trustee, and Douglas Gierhart, attorney for Debtors. Based upon the arguments of counsel and the record, the Court enter its findings of fact and conclusions of law pursuant to Fed .R. Bankr. P. 7052 and 9014 in this core proceeding.

Debtors filed this case on March 17, 2008. No payment advices were filed. The Court issued of Notice of Incomplete Filings to notify Debtors of this deficiency (Docket Entry 10). Debtors first filed a "Cover Sheet for Pay Advices" (Docket Entry No. 12) on March 13, 2008, that stated they had no pay stubs because they were on a direct deposit with their employers. A second "Cover Sheet for Pay Advices" (Docket Entry No. 16) was filed on March 24, 2008, which listed a single amount as the "monthly income" for each Debtor, and included an exhibit of a bank statement for Wendell Williams dating from August 20, 2007 to September 19, 2007. A deposit to checking from "State Payroll" on August 31, 2007, and the amount of the deposit was circled on this bank statement. Also attached as an exhibit was a bank statement for Betty Jean Williams, dated August 15, 2007. Circled on this statement was a credit entry on July 31, 2007, from "State Payroll," with the dollar amount of the credit.

The deadline of forty-five days for complying with 11 U.S.C. § 521(a)(1) and avoiding automatic dismissal was May 3, 2008. On May 7, 2008, the Trustee filed his Motion to Dismiss for failure to file pay advices. On May 12, 2008, the Debtors filed copies of their earnings statements from the State of Oklahoma (Docket Entry No. 35). Mr. Williams filed statements for May of 2007, December of 2007, January of 2008, and February of 2008. Mrs. Williams filed statements for October of 2007 through March of 2008. These statements provide very specific information regarding each debtor's income, including both current and year-to-date hours and earnings, taxes, before and after tax deductions, and employer paid benefits.

11 U.S.C. § 521(a)(1)(B)(iv) requires that a debtor shall " file copies of all payment advices or other evidence of payment received within 60 days before the date of the filing

2

of the petition, by the debtor from any employer of the debtor . . . ." A debtor is given fifteen days initially to comply with this requirement in 11 U.S.C. § 1307(c)(9), and forty-five days to comply or "the case shall be automatically dismissed . . . ." 11 U.S.C. § 521(i)(1). A debtor may be allowed additional time to comply with § 521(a)(1), but the debtor must submit his request prior to the expiration of the original forty-five days. 11 U.S.C. § 521(i)(3). A case may not be subject to automatic dismissal if the court finds that the debtor attempted in good faith to file the required information and that the best interests of creditors would be served by continuing the case. 11 U.S.C. § 521(i)(4).

Debtors submitted a brief in support of their objection to dismissal. They argue that they could not provide the pay advices in a timely manner because they had to obtain copies from their employers. They stated that the reason for filing bankruptcy was to stop a foreclosure action on their home that they believed to have been resolved in an earlier bankruptcy case they filed. They provided no evidence in support of their claims, nor did they request additional time within which to file the payment advices. Because they had recently been in another Chapter 13 case, Debtors argue that the Trustee was familiar with them and their employment, and that Schedule I filed in their current bankruptcy indicates that Mr. Williams' employment is the same as his employment in the previous Chapter 13 case.

The cases cited by the Debtors indicate that bankruptcy courts in the Tenth Circuit have adopted a somewhat flexible standard for determining whether "other evidence of payment" submitted by debtors will satisfy their disclosure obligations under 11 U.S.C. § 521(a)(1)(B)(iv). However, Debtors did not meet the base level of "other evidence" in a timely fashion herein. The case law cited by the Debtors is distinguishable from the facts

3

of this case. In *In re Miller*, 383 B.R. 767 (B.A.P. 10th Cir. 2008), the debtor timely filed three of four pay stubs he received during the sixty-day period prior to filing. As a substitute for the missing pay stub, his counsel submitted a chart that calculated payment information based upon the year-to-date information from another pay stub. The B.A.P. found that the information provided by debtor's counsel was sufficiently detailed and reliable to constitute "other evidence of payment," providing a "very clear picture as to the amount of income Debtor received in the sixty days prepetition . . . ." *Id.* at 772.

The debtor in *In re Reynolds*, 370 B.R. 393 (Bankr. N.D. Okla. 2007), filed a copy of his W-2 tax statement for the previous year, as well as two of three pay advices for the sixty-day period concurrently with his bankruptcy petition. He did not file the missing pay advice until after the forty-five day period for filing pay advices had expired. The bankruptcy court found that the evidence provided "a very clear picture" regarding debtor's income for the entire sixty-day period, and denied the trustee's motion to dismiss. *Id.* at 396.

Unlike the debtors in these cases, Debtors did not provide sufficient information during the requisite forty-five day time period to give this Court, the Trustee, or their creditors a "very clear picture" of their income during the sixty days preceding bankruptcy. The sixty days preceding bankruptcy began on January 17, 2008. All that Debtors filed with the Court within the required forty-five days was a statement listing an amount for each debtor as monthly income, with attached bank statements from August through September of 2007, well before the sixty-day period began. This evidence gives no indication of the Debtors' actual income information during the sixty days before filing.

4

There is no information regarding withholding, benefits, hours worked, gross pay, or similar information that would be found on a typical pay stub. There is no summary chart nor year-to-date information filed that is remotely similar to the information found sufficient in the *Miller* and *Reynolds* cases. Although Debtors did ultimately file payment advices covering most of the sixty day period, they did not do so until after the Trustee filed this Motion to Dismiss and after the forty-five days had expired. The Court does not find the Debtors' actions to be a good faith attempt to file the required information, nor is there any indication from the parties that the best interests of creditors would be served by the administration of this case.

The fact that Debtors had previously been in a Chapter 13 bankruptcy does not absolve them of their responsibility to comply with the statutory requirements for maintaining their current case. The Court finds no exception in the statue for debtors who have previously filed bankruptcy and timely filed pay advices therein. Indeed, compliance in an earlier bankruptcy would not qualify as compliance in a later case since the time period for filing pay advices would be different.

Accordingly, the Court finds that Debtors have not satisfied their disclosure obligations in a timely manner as required by 11 U.S.C. § 521(a)(1)(B)(iv), they did not seek additional time within which to meet their obligations, nor have they provided adequate evidence or explanation of their inability to comply with this statute, therefore, their case should be dismissed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Trustee's Motion to Dismiss is **granted**.

IT IS FURTHER ORDERED that this case is hereby **dismissed**.

IT IS FURTHER ORDERED that the Trustee shall file a Final Report within fifteen (15) days of the entry of this Order.

# # #

Case 08-80292    Doc 69    Filed 08/22/08    Entered 08/22/08 16:14:22    Desc Main
Document      Page 6 of 6